IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| CARL O. VAN NOTE and<br>MARLEN R. VAN NOTE,<br><br>Plaintiffs,<br><br>v.<br><br>WING ENTERPRISES, INC., dba<br>LITTLE GIANT LADDER SYSTEMS,<br>and HOME DEPOT USA, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No: 4:17-cv-00155 |

## COMPLAINT

NOW COME the plaintiffs, Carl O. Van Note and Marlen R. Van Note, and complaining of the defendants—Wing Enterprises, Inc., dba Little Giant Ladder Systems, and Home Depot USA, Inc.—say and allege as follows:

### Jurisdiction and Venue

1. Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(a)(1) in that there is diversity of citizenship between the parties and the amount in controversy exceeds seventy-five thousand dollars.

2. Personal jurisdiction is based upon the regular business activity of both named defendants in North Carolina, and upon the minimum contacts necessary for the plaintiffs' claims of a defective product sold in North Carolina.

3. Venue is proper in the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim, including the injurious incident itself, occurred in this judicial district.

## Nature of Action

4.     The plaintiffs bring a personal injury and related loss of consortium claims based upon product liability, and in particular, the subject product's breach of the implied warranty of merchantability.

## The Parties

5.     The plaintiff, Carl O. Van Note ("Carl Van Note"), is a citizen and resident of Wake County, North Carolina.

6.     The plaintiff, Marlen R. Van Note ("Marlen Van Note"), is a citizen and resident of Wake County, North Carolina.

7.     The defendant, Wing Enterprises, Inc. ("Defendant Wing Enterprises"), is a corporation organized and existing under the laws of Mississippi, with its principal places of business in Springville and Provo, Utah.

8.     The defendant, Home Depot U.S.A., Inc. ("Defendant Home Depot"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia.

## Factual Allegations

9.     At the time he sustained his injuries on February 24, 2017, as hereinafter described, Carl Van Note was 33 years of age and in excellent health, and pursuant to G.S. § 8-46, he had a statutory life expectancy of 44.7 years.

10.    Defendant Wing Enterprises regularly conducts business in North Carolina, and regularly injects into the stream of commerce ladders destined to be sold as retail products in North Carolina.

11. Defendant Home Depot Enterprises regularly conducts business in North Carolina.

12. At all relevant times, Defendant Home Depot was in the business of, among other things, marketing and selling tools and supplies for residential and commercial construction, including extension ladders.

13. Around May through July 2014, Defendant Home Depot sold exclusively the Velocity line of fiberglass extension ladders as part of the Little Giant Ladder Systems sold at Home Depot stores.

14. At all relevant times Defendant Wing Enterprises was the manufacturer or apparent manufacturer of this Velocity line of fiberglass, Type IA extension ladders sold by Defendant Home Depot.

15. In the summer of 2014, Carl Van Note purchased from Defendant Home Depot a 24-foot, fiberglass, Type IA extension ladder from the Velocity line ("the subject extension ladder").

16. Defendant Wing Enterprises was the manufacturer or apparent manufacturer of the subject extension ladder purchased by Carl Van Note, and Defendant Wing Enterprises sold the subject extension ladder to Defendant Home Depot.

17. Within the meaning of G.S. § 99B-1(2), Defendant Wing Enterprises was a "manufacturer" of the subject extension ladder.

18. Within the meaning of G.S. § 99B-1(4) and of G.S. § 25-2-103(d), Defendants Wing Enterprises and Home Depot are "sellers" of the subject extension ladder.

19. Within the meaning of G.S. § 25-2-103(a), Carl Van Note is a "buyer" of the subject extension ladder.

20. When Defendant Wing Enterprises sold the subject extension ladder to Defendant Home Depot, Defendant Wing Enterprises impliedly warranted, within the meaning of G.S. § 25-2-314, that the subject extension ladder was merchantable, that it was free of design and manufacturing defects, and that the step stool was reasonably safe for the uses for which it was intended.

21. When Defendant Home Depot sold the subject extension ladder to Carl Van Note, Defendant Home Depot impliedly warranted, within the meaning of G.S. § 25-2-314, that the subject extension ladder was merchantable, that it was free of design and manufacturing defects, and that the step stool was reasonably safe for the uses for which it was intended.

22. In February 2017, Carl Van Note was approximately 6' 2" tall and weighed less than 195 lbs.

23. As per the ANSI A14.5-2000, "American National Standard for Ladders – Portable Reinforced Plastic – Safety Requirements", the subject extension ladder was rated to support a lateral load of up to 375 pounds and to support a longitudinal load of up to 1,000 pounds.

24. On February 24, 2017, Carl Van Note was seriously and permanently injured during the following sequence of events:

    a. Carl Van Note was working for his own gutter-cleaning business and utilizing the subject extension ladder on a residence in Garner, North Carolina;

b. Carl Van Note and an employee positioned the subject extension ladder properly for use in accessing the gutter along the edge of a roof for a two-story residence.

c. While an employee steadied the base of the subject extension ladder, Carl Van Note climbed to reach the gutter along the roof-line above the second-story of the residence.

d. While an employee steadied the base of the subject extension ladder, Carl Van Note positioned himself with his left hand on the ladder rail, while he used his right to reach up to access the gutter with his right hand, so that he was standing with his feet on a rung located above the overlap of the two sets of rails comprising the extension ladder.

e. Despite the ordinary and appropriate use of the subject extension ladder, both rails of the ladder suddenly and without warning, fractured and failed above the overlap of the two sets of rails comprising the extension ladder.

f. Carl Van Note fell from the collapsed ladder, and in the process his right leg became tangled in the ladder's rungs; and,

g. Carl Van Note was seriously injured in landing, cutting his head and sustaining fractures within and dislocation of his right knee.

25. As a result of the collapse and failure of the defective, subject extension ladder, Carl Van Note suffered serious, painful and permanent injuries.

26. Immediately prior to its failure and collapse on February 24, 2017 as described above, and except for ordinary wear and tear, the subject extension ladder

was in substantially the same condition as it was when it left the possession and control of Defendant Wing Enterprises.

27. Immediately prior to its failure and collapse on February 24, 2017 as described above, and except for ordinary wear and tear, the subject extension ladder was in substantially the same condition as it was when it left the possession and control of Defendant Home Depot.

28. At the time Defendant Wing Enterprises sold the subject extension ladder, and it left Defendant Wing Enterprises's possession and control, the subject extension ladder breached the implied warranty of merchantability in that it was capable of failing under a reasonable load and did fail on February 24, 2017 while under ordinary use and after only ordinary wear and tear.

29. At the time Defendant Home Depot sold the subject extension ladder, and it left Defendant Home Depot's possession and control, the subject extension ladder breached the implied warranty of merchantability in that it was capable of failing under a reasonable load and did fail on February 24, 2017 while under ordinary use and after only ordinary wear and tear.

30. Prior to the filing of the instant action, the plaintiffs notified Defendants Wing Enterprises and Home Depot of the plaintiffs' claims for breach of the implied warranty of merchantability.

31. This personal injury action is filed within three years of February 24, 2017 and within twelve years of the purchase of the subject extension ladder for initial use.

## Claim for Breach of Implied Warranty of Merchantability

32. The above-described breaches of the implied warranty of merchantability were a direct and proximate cause of the personal injuries sustained by Carl Van Note on February 24, 2017.

33. As a direct and proximate result of the above-described breaches of the implied warranty of merchantability by Defendants Wing Enterprises and Home Depot, Carl Van Note has suffered and will continue to suffer actual damages for his personal injuries, including but not limited to physical pain and suffering, mental suffering and emotional trauma, loss of enjoyment, medical and other expenses.

34. As a direct and proximate result of the above-described breaches of the implied warranty of merchantability by Defendants Wing Enterprises and Home Depot, Carl Van Note is entitled to recover jointly and severally from Defendants Wing Enterprises and Home Depot compensatory damages for his personal injuries in an amount to be determined by a jury, but in any event, in an amount in excess of Twenty-Five Thousand Dollars.

## Claim for Loss of Consortium

35. The plaintiffs are, and at all relevant times have been, legally married and living together as husband and wife.

36. As a direct and proximate result of the serious and painful physical and emotional injuries sustained by Carl Van Note on February 24, 2017, Marlen Van Note has suffered and will continue to suffer actual damages to her conjugal rights and to the marital services, society, affection, companionship or sexual relations she would have otherwise enjoyed from her husband.

37.     As a direct and proximate result of the above-described breaches of the implied warranty of merchantability, Marlen Van Note has suffered actual damages for loss of consortium, and she is entitled to recover jointly and severally of Defendants Wing Enterprises and Home Depot compensatory damages in an amount to be determined by a jury, but in any event, in an amount in excess of Twenty-Five Thousand Dollars.

## JURY TRIAL DEMAND

**THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES OF FACT SO TRIABLE.**

## PRAYER FOR RELIEF

**WHEREFORE,** the plaintiffs respectfully pray to the Court as follows:

1.     That the plaintiff, Carl O. Van Note, have and recover, from the defendants, Wing Enterprises, Inc. and Home Depot U.S.A., Inc., jointly and severally, compensatory damages for personal injuries in an amount to be determined by a jury, but in any event, in an amount in excess of Twenty-Five Thousand Dollars;

2.     That the plaintiff, Marlen R. Van Note, have and recover from the defendants, Wing Enterprises, Inc. and Home Depot U.S.A., Inc., compensatory damages for loss of consortium in an amount to be determined by a jury, but in any event, in an amount in excess of Twenty-Five Thousand Dollars;

3.     For a jury trial on all issues of fact so triable;

4.     That the plaintiffs have and recover from the defendants the costs of court, including interest, to the extent permitted by law;

5. That the plaintiffs have and recover from the defendants reasonable attorney fees whenever and to the extent permitted by law; and

6. That the plaintiffs have such other and further relief which the Court deems equitable, just and proper.

RESPECTFULLY SUBMITTED, this the 6th day of November, 2017.

COUNSEL FOR PLAINTIFFS:

/s/ Leto Copeley
Leto Copeley
N.C. State Bar No. 12624
COPELEY JOHNSON & GRONINGER, PLLC
300 Blackwell Street, Ste 101
Durham, NC 27701
(919) 240-4054 office
(888) 412-0421 fax

Jerome P. Trehy, Jr.
N.C. State Bar No. 11124
JEROME P. TREHY, JR., P.A.
1821 Hillandale Rd, Ste 1B-180
Durham, NC 27705-2659
(844) 270-6700 Office
(919) 666-2476 Fax